Lanzinger, J.,
concurring in judgment only.
{¶ 20} Because I cannot agree with the majority’s holding that “the legislature did not intend R.C. 4117.11(B)(8) to apply to informational labor picketing,” I would reach the propositions of law set forth in this case and would hold that the advance-notice provision of R.C. 4117.11(B)(8) is an unconstitutional prior restraint.
The Statutory Language
{¶ 21} When a union engages in “any picketing, striking, or other concerted refusal to work” without giving written notice ten days beforehand, it has committed an unfair labor practice. (Emphasis added.) R.C. 4117.11(B)(8).
{¶ 22} The majority opinion concludes that addition of the word “other” to the phrase “concerted refusal to work” limits the meaning of picketing to “picketing as part of a work stoppage.” But the word “any” before “picketing” means that informational picketing is included by definition. Although the parties have agreed that the circumstances here involved “informational” picketing unrelated to a strike or other work stoppage, I believe that it is irrelevant, because notice applies to “any picketing.”
{¶ 23} The primary question we accepted on appeal was whether the statute is constitutional, facially or as applied. In reversing the judgment of the trial court that upheld SERB’s decision, the Seventh District Court of Appeals held that the notice provision of R.C. 4117.11(B)(8) is unconstitutional but did not distinguish whether it was unconstitutional on its face or as applied. I believe that we should answer the question of constitutionality.
*263 The Constitutional Issues

R. C. 4117.11(B)(8) is not content-based

{¶ 24} The first issue is the standard under which the advance-notice provision should be reviewed. If the regulation is content-based, it is subject to strict scrutiny under the First Amendment. Pleasant Grove City, Utah v. Summum, 555 U.S. 460, 469, 129 S.Ct. 1125, 172 L.Ed.2d 853 (2009). If the regulation is content-neutral, it is subject to a lesser intermediate scrutiny. Turner Broadcasting Sys., Inc. v. Fed. Communications Comm., 512 U.S. 622, 661-662, 114 S. Ct. 2445, 129 L.Ed.2d 497 (1994). In my view, the provision that mandates advance notice before picketing does not regulate speech based on its content.
{¶ 25} R.C. 4117.11(B)(8) does not require unions to seek permission to picket but instead requires ten days’ notice that “any picketing, striking, or other concerted refusal to work” will occur to allow the public employer to make arrangements to avoid potential disruption of services. The employer cannot restrain the speech; if the notice provision is violated, the employer may only seek an unfair-labor-practice charge with SERB afterwards. But picketing itself is unrestricted.
{¶ 26} Applicability of R.C. 4117.11(B)(8) does not depend on the message on the sign. Because the statutory notice provision is neither subject- nor speaker-based, all picketing at the employer’s location is subject to advance notice, but it is not content-based and strict scrutiny is not needed on this ground.

R.C. 4177.11(B)(8) is a prior restraint

{¶ 27} Nevertheless, I would hold that the requirement under R.C. 4117.11(B)(8) amounts to at least a ten-day ban on speech and thus is a prior restraint. A “prior restraint” refers to a regulation that operates to forbid expression before it takes place. State ex rel. Toledo Blade Co. v. Henry Cty. Court of Common Pleas, 125 Ohio St.3d 149, 2010-Ohio-1533, 926 N.E.2d 634, ¶ 20, citing 2 Smolla, Smolla & Nimmer on Freedom of Speech, Section 15:1, 15-4 (2009). Even though appellants point out that the picketing did occur and that, at most, the union was subject to the sanction of an unfair labor practice for failing to comply, this is more than just a mere notice requirement — compliance with the statute amounts to being prohibited from speech during the ten days from the time notice is given. Thus, the state bears a heavy burden to show a justification for imposing the restraint established by R.C. 4117.11(B)(8). Nebraska Press Assn. v. Stuart, 427 U.S. 539, 558, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976). Any prior restraint bears a presumption against its constitutionality. State ex rel. Toledo Blade Co. at ¶ 21.
{¶ 28} Federal courts have struck down a number of laws involving notice provisions. For example, a content-neutral city ordinance that required 20-day *264 advance notice of a parade was found unconstitutional. N.A.A.C.P. v. Richmond, 743 F.2d 1346 (9th Cir.1984). Other content-neutral laws have also been invalidated as prior restraints. See Rosen v. Port of Portland, 641 F.2d 1243 (9th Cir.1981) (registration before demonstrating or leafleting in an airport terminal); Robinson v. Coopwood, 292 F.Supp. 926 (D.C.Miss.1968) (one-hour advance notice for a march or protest); Grossman v. Portland, 33 F.3d 1200 (9th Cir.1994) (permit needed to demonstrate in a park); and Douglas v. Brownell, 88 F.3d 1511 (8th Cir.1996) (five-day notice required before a parade).

R.C. 4177.11(B)(8) is an unjustified prior restraint

{¶ 29} Appellants bear a heavy burden to show that R.C. 4117.11(B)(8) is justified in imposing a prior restraint. Stuart at 558. A prior restraint must not burden substantially more speech than is necessary. Ward v. Rock Against Racism, 491 U.S. 781, 799, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989). It must target and eliminate only the source of harm it seeks to remedy. Frisby v. Schultz, 487 U.S. 474, 485, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988).
{¶ 30} In Turner Broadcasting Sys., 512 U.S. 622, 114 S.Ct. 2445, 129 L.Ed.2d 497, the court stated:
When the Government defends a regulation on speech as a means to redress past harms or prevent anticipated harms, it must do more than simply “posit the existence of the disease sought to be cured.” Quincy Cable TV, Inc. v. FCC, 768 F.2d 1434, 1455 (C.A.D.C.1985). It must demonstrate that the recited harms are real, not merely conjectural, and that the regulation will in fact alleviate these harms in a direct and material way.
Id. at 664.
{¶ 31} SERB argued that the advance-notice provision of R.C. 4117.11(B)(8) serves significant interests because notice allows the parties time to mediate or resolve their disputes, allows the public employer time to provide security for the picketing, provides a cooling-off period, allows the union time to work with employers to head off a confrontation or reflect on the most productive action, allows the employer time to prepare a response to the publicity and media attention, and allows time for SERB to intervene. But in the context of informational picketing, a “cooling off’ period such as that imposed by R.C. 4117.11(B)(8) does not satisfy the government’s heavy burden for justifying the prior restraint. See United Elec., Radio & Machine Workers of Am. v. State Emp. Relations Bd., 126 Ohio App.3d 345, 356, 710 N.E.2d 358 (8th Dist.1998) (“Free speech is not served by imposing a delay of ten days. Rather, such a *265 restriction disperses the drama of the moment and interrupts the natural momentum of events”). Furthermore, “[a]n essential function of free speech is to invite dispute. * * * Speech may ‘best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger.’ ” Seven Hills v. Aryan Nations, 76 Ohio St.3d 304, 308, 667 N.E.2d 942 (1996), quoting Terminiello v. Chicago, 337 U.S. 1, 4, 69 S.Ct. 894, 93 L.Ed. 1131 (1949).
Green Haines Sgambati Co., L.P.A., Ira J. Merkin, Charles W. Oldfield, and Stanley Okusewsky III, for appellee.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Stephen P. Carney, Deputy Solicitor, and Lori Weisman and Michael D. Allen, Assistant Attorneys General, for appellant State Employment Relations Board.
Eugene P. Nevada, for appellant Mahoning County Board of Developmental Disabilities.
Britton Smith Peters & Kalail Co., L.P.A., John E. Britton, Sherrie C. Massey, and Giselle S. Spencer, urging reversal for amici curiae Ohio School Boards Association and Ohio Association of School Business Officials.
Fishel Hass Kim Albrecht, L.L.P., Jonathan J. Downes, Anne E. McNab, and Marc A. Fishel, urging reversal for amici curiae Ohio Public Employer Labor Relations Association, Ohio Public Transit Association, County Commissioners Association of Ohio, and National Public Employer Labor Relations Association.
Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, and Marc J. Jaffy, urging affirmance for amicus curiae Ohio AFL-CIO.
Cloppert, Latanick, Sauter & Washburn and Ronald H. Snyder, urging affirmance for amici curiae Ohio Public Employees Lawyers Association, Ohio Associ *266 ation of Public School Employees/AFSCME Local 4, AFL-CIO, Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO, Ohio Nurses Association, AFL-CIO, Ohio Association of Professional Fire Fighters, Fraternal Order of Police of Ohio, Inc., and SEIU District 1199.
*265 {¶ 32} Finally, although SERB contends that the statute is a mere time, place, or manner regulation, it does not explain the necessity of the length of ten days for advance notice. In sum, this ten-day ban on speech created by R.C. 4117.11(B)(8) is unjustified.
Conclusion
{¶ 33} I would hold that justification for R.C. 4117.11(B)(8)’s advance-notice requirement is needed, because the requirement is a prior restraint on speech, and that appellants have not met their heavy burden. I would hold further that the statutory ten-day notice is not a minimal intrusion on the right to free speech and thus may not be constitutionally applied in this case.
O’Neill, J., concurs in the foregoing opinion.